# IN THE COURT OF APPEALS OF IOWA

No. 21-2004
Filed May 25, 2022

**IN THE INTEREST OF G.W., A.W., and C.W.,**
**Minor Children**

**M.K. and S.K.,**
    Petitioners-Appellees,

**R.W.,**
    Respondent-Appellant.
_____

    Appeal from the Iowa District Court for Dubuque County, Thomas J. Straka, Associate Juvenile Judge.

    A father appeals an order terminating his parental rights to three children under Iowa Code section 600A.8 (2021). **AFFIRMED.**

    Matthew W. Boleyn of Boleyn Law, P.C., Dubuque, for appellant.

    Kathryn A. Duccini of Duccini Law Office, PLLC, Dubuque, for appellee.

    Gina L. Kramer, Dubuque, attorney and guardian ad litem for minor children.

    Considered by May, P.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

R.W. appeals an order terminating his parental rights to three children under Iowa Code section 600A.8 (2021). He challenges the sufficiency of the evidence underlying the juvenile court's finding of abandonment. Because we find the petitioners proved the father statutorily abandoned his children by clear and convincing evidence, we affirm termination.

The three children in question were born during R.W.'s ten-year marriage to the children's mother, S.K. Although their divorce was not finalized until 2019, the parents separated in 2017 after an incident of domestic abuse led to criminal charges. The assault occurred in front of the oldest child, G.W., and while the other children were in the residence. R.W. pleaded guilty to domestic-abuse assault while being a second offender and misdemeanor versions of three child endangerment counts. In connection with the plea deal, the court entered a five-year no-contact order preventing R.W. from having contact with the mother or any of the children. The order did, however, provide for visitation with the children (a) at S.K's discretion; (b) under the supervision of a third party approved by S.K.; and (c) in a public place. This no-contact order is currently set to expire in September 2023.

During the pendency of the domestic abuse case, R.W. routinely violated the no-contact order and ultimately pled guilty to eleven counts of contempt. He was charged with an additional four counts of contempt after judgment was entered, but those were dismissed in connection with a plea deal resolving other criminal charges. No subsequent contact has occurred between R.W. and the children. The mother reports that when the order first went into effect, she

requested R.W. take a drug test before having visits and he refused to do so. R.W. denies refusing to take a drug test but does not refute that he never attempted to set up a visit. At the time of the parties' separation, the Iowa Department of Human Services determined that R.W. exposed his oldest child to methamphetamine because only the two of them tested positive for the substance in the household.

S.K. and her new husband, M.K., jointly filed for termination of R.W.'s parental rights in August 2021. Because R.W. initially failed to respond, a default hearing was held in October. R.W. appeared without counsel for this hearing and claimed confusion over his temporary representation by a guardian ad litem because he was in jail when the petition was filed. After the court granted a continuance, R.W. filed a separate motion to modify the no-contact order. Because this motion was not ruled upon until after the termination trial, it was dismissed as moot.

The district court entered its order terminating R.W.'s parental rights on December 21. Its ruling noted the disingenuous nature of the father's request for a continuance because he had previously been represented by a guardian ad litem due to being in jail during a portion of the parties' divorce proceedings. The father filed a timely appeal, challenging the finding that he abandoned the children. We review his claims de novo, giving weight to the trial court's fact findings. *See In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020).

Iowa Code section 600A.5 authorizes a district court to terminate parental rights upon petition by a parent. The principal concern in termination proceedings is the child's best interests. Iowa Code § 600A.1. In this case, the mother petitioned for termination of the father's rights for having abandoned the children

pursuant to section 600A.8(3)(b).  To preclude a finding of abandonment under this section, a parent must provide "contribution toward support of the child of a reasonable amount, according to the parent's means."  *Id.* § 600A.8(3)(b).  The parent must also show "substantial and continuous or repeated contact" by:

> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

*Id.*  It is the petitioning parent's burden to establish these obligations have gone unmet by clear and convincing evidence.  *See In re C.A.V.*, 787 N.W.2d 96, 100 (Iowa Ct. App. 2010).

The district court found the mother met this burden because R.W. abandoned the children by failing to satisfy, or even attempt, the requisite contact.[1] We agree.  While R.W. claims he would like to reestablish a relationship with his children, the parent's subjective intent is not dispositive in our analysis.  Iowa Code § 600A.8(3)(c).  For over four years, R.W. made no efforts to modify the no-contact order regarding visitation with his children.  Neither did he attempt to take advantage of the visitation provided for therein.  R.W. has not contacted any social

---

[1] The district court also found R.W. failed to contribute a reasonable amount to the support of the children.  R.W. does not contest the accounting of his irregular and delinquent child support payments.  He contributed one payment of $1000 over the last eighteen months leading up to the termination hearing.  While we agree this amount is not reasonable to support three children, we find insufficient evidence of R.W.'s ability to pay to satisfy the petitioners' burden in this regard.

service agencies about arranging for supervised interactions. His last contact with the children was in 2017, with the exception of the several occasions on which he violated the no-contact order. A no-contact order does not preclude a finding of abandonment. *See In re W.W.*, 826 N.W.2d 706, 711 (Iowa Ct. App. 2012) (upholding private termination when a parent "took no legally-sanctioned steps to mitigate the harsh effects of that [no-contact order]"). Because R.W.'s actions, or lack thereof, went beyond mere compliance with the no-contact order, we affirm the finding of abandonment and the resulting termination of his parental rights.

**AFFIRMED.**